# Supreme Court Decisions.

## MEASURE OF DAMAGES FOR BREACH OF CONTRACT TO REPAIR A DISABLED MACHINE.

THE CHAMPION ICE MANUFACTURING & COLD STORAGE CO. v.
THE PENNSYLVANIA IRON WORKS CO.

Decided, April 28, 1903—68 Ohio State, p. 229.

*Contract to Furnish Part of Disabled Machinery—On Specified Time—
Breach of Contract—Measure of Damages—Value of Use of Machine
During Delay—Law of Damages.*

In an action by the owner of machinery used in a plant in actual opera-
tion to recover damages for the breach of a contract to furnish at
the time specified an essential part of a disabled machine, the
measure of damages is the value of the use of the machine in the
business for the time which intervenes betwen the date for delivery
fixed by the contract  and the date of actual delivery, if the cir-
cumstances are known to both parties at the time of making the
contract.

Error to the Circuit Court of Hamilton County.

In the court of common pleas the iron works company sued the
ice manufacturing company for $498, the agreed price of a wrought
iron shaft for an ice machine, with interest thereon.  The ice
company answered substantially admitting the purchase of the
shaft at the price alleged in the petition; but by way of cross-
petition alleged that the shaft was a necessary part of an ice
machine, which was part of a large system of machinery employed
by it in the manufacture of ice; that it could not be operated
without the shaft which was to be supplied by the iron company,
of which the iron company was informed.  It further alleged that
on the seventh of February, 1894, a contract was made between
the parties whereby for the price named the iron company was to

315

furnish said shaft within three weeks from the said date, and that it failed to make delivery of it for eight weeks from the date of the contract, to the ice company's damage in the sum of $3,000. By reply the iron company denied its agreement to deliver the shaft within three weeks from the date of the contract.

On the trial of the case to the court, a jury having been waived, evidence was introduced showing a contract by correspondence, which was entered into by a letter from the ice company to the iron company, dated February 6, 1899, as follows:

"PENNSYLVANIA IRON WORKS CO.

"GENTLEMEN: We have a Boyle (David Boyle) thirty-ton ice machine with a broken shaft, and wish to replace it with a new one as soon as possible, and would like you to give us a proposition on the same. The old shaft is eight inches diameter and eight feet long. We ought to have the new one a half inch larger in diameter. Will you upon receipt of this 'wire' us at our expense, if you can furnish it, and give price, size, weight, etc., f. o. b. Phila. Then we will if necessary send you exact size, etc. Also give us the time it will take to get it ready for shipment in the telegram, and by so doing you will greatly oblige. Yours truly,

"CHAMPION ICE CO.,
"Per R. W. DUGAN,
"Supt. and Treas."

To this the iron company answered by telegram on the day following as follows:

"To CHAMPION ICE CO.:

"Shaft complete with cranks and pins four hundred and ninety-eight dollars f. o. b. cars here finish three weeks.

"PENNA. IRON WKS. CO."

There was much more correspondence, but it did not affect the terms of the contract. Part of it occurred before the work was undertaken and a part after the delay intervened, in all of which the ice company was urging the prompt shipment of the shaft in order that it might operate the damaged machine to meet the exigencies of its business. Evidence was also introduced showing that the iron company was engaged in the manufacture of ice machines of the particular pattern of machine for which the new shaft was desired; that without the shaft the machine was wholly without efficiency; that the ice company was conducting an estab-

lished business in the manufacture and sale of ice; that its business was very extensive; and that at this particular time its need for the use of the disabled machine was great. The ice company also introduced evidence of the capacity of the machine when in operation, of the nature and extent of its business, and of the very large profits which it might have derived from the use of the machine.

Although the evidence conclusively showed a delay of more than three weeks beyond the time stipulated for the delivery of the shaft, the court of common pleas dismissed the cross-petition of the ice company for damages on account of the delay in delivering the shaft, and rendered judgment in favor of the iron company for the agreed price of the shaft with interest thereon.

On petition in error to the circuit court it was by that court considered that there was no error in the record except in dismissing the cross-petition of the ice company, and it was adjudged that as the evidence showed the value of the ice machine to be $15,000, the ice company was entitled to have interest on that amount for the time of the delay in delivering the shaft deducted from the contract price, and that amount, $113.44, being remitted by the iron company, the judgment of the common pleas court was affirmed. The iron company prosecutes error here for the reversal of the judgment.

*Maxwell & Ramsey,* for plaintiff in error, cited and commented upon the following authorities:

*Leonard* v. *Telegraph Co.,* 41 N. Y., 544; *Ice Co.* v. *Machine Mfg. Co.,* 29 Atl. Rep., 69; *Hutchinson* v. *Pinch,* 91 Mich., 156; *Actien-Gessellschaft* v. *Armstrong,* L. R. Q. B., 473; *Liman* v. *Railroad Co.,* 24 N. Y. Supp., 824; *Dayton* v. *Pease,* 4 Ohio St., 80; *Cincinnati* v. *Evans,* 5 Ohio St., 594; *Coal Co.* v. *Upson,* 40 Ohio St., 17; 1 Sedg. Dam. (7th Ed.), 128; *Poposkey* v. *Munkwitz,* 32 N. W. Rep., 35; *Logemann* v. *Pauly,* 76 N. W. Rep., 604; *Brownell* v. *Chapman,* 51 N. W. Rep., 249; *Iron Works* v. *Oatmeal Co.,* 55 N. W. Rep., 518; *Brownell* v. *Chapman,* 51 N. W. Rep., 249; *Coal Co.* v. *Hartman,* 111 Fed. Rep., 96; *Manufacturing Co.* v. *Pinch,* 51 N. W. Rep., 930; *Williams* v. *Milling Co.,* 37 Pac. Rep., 49; *Furniture Co.* v. *Hascall,* 24 N. E. Rep., 336; *Richardson* v. *Chynoweth,* 26 Wis., 656; *Goebel* v. *Hough,* 26 Minn., 252;

*Booth* v. *Rolling Mill Co.,* 60 N. Y., 487; *Graves* v. *Glass,* 53 N. W. Rep., 231; *Shafer* v. *Wilson,* 44 Md., 268; *Simmons* v. *Brown,* 5 R. I., 299; *Chapman* v. *Kirby,* 49 Ill., 211; *Frye* v. *Railroad Co.,* 67 Me., 414; *Holden* v. *Lake Co.,* 53 N. H., 552; *Allison* v. *Chandler,* 11 Mich., 542; *White* v. *Moseley,* 8 Pick., 356; *Terre Haute* v. *Hudnut,* 13 N. E. Rep., 686; *Fibre Board Co.* v. *Lewiston & A. Elec. L. Co.,* 49 Atl. Rep., 1095; *French* v. *Lumber Co.,* 14 N. E. Rep., 113; *Schile* v. *Brokhahus,* 80 N. Y., 614.

*Edward H. Baker,* for defendant in error, cited and commented upon the following authorities:

*Hadley* v. *Baxendale,* 9 Exch., 341; *Griffin* v. *Colver,* 16 N. Y., 489; *Brownell* v. *Chapman,* 51 N. W. Rep., 249; *Booth* v. *Rolling Mill Co.,* 60 N. Y., 487; *Davis* v. *Railway Co.,* 1 Disn., 24; *Bank* v. *Telegraph Co.,* 30 Ohio St., 555; *Ice Co.,* v. *Ice Mach. Mfg. Co.,* 77 Md., 235; *Mining Syndicate & Co.* v. *Fraser,* 130 U. S., 611; Sedg. on Dam., 211, Sec. 149; *Freeman* v. *Clute,* 3 Barb., 424; *Griffin* v. *Colver,* 16 N. Y., 489; *Cassidy* v. *LeFevre,* 45 N. Y., 562; *Witherbee* v. *Myer,* 155 N. Y., 446; *Baldwin* v. *U. S. Tel. Co.,* 45 N. Y., 744; *Devlin* v. *Mayor,* 63 N. Y., 8; *Frazer* v. *Smith,* 60 Ill., 145; *Howard* v. *Stillwell & Bierce Mfg. Co.,* 139 U. S., 199; *Wolcott* v. *Mount,* 36 N. J. L., 262; *Rogers* v. *Bemus,* 69 Pa. St., 432; *Clark* v. *Moore,* 3 Mich., 55; *Louis* v. *Steamboat Buckeye,* 12 Re., 74; 1 Handy, 150; *Cincinnati* v. *Evans,* 5 Ohio St., 600; *Daniels* v. *Ballentine,* 23 Ohio St., 540; *Rhodes* v. *Baird,* 16 Ohio St., 573; *Gaar* v. *Snook,* 1 Circ. Dec., 142; 1 C. C. R., 259; *Knorr* v. *Reedy,* 11 Re., 465; 27 Bull., 103; *Lawson* v. *Price,* 45 Md., 139; *Mentzer* v. *W. U. Tel. Co.,* 93 Ia., 752; 1 Sutherland on Dam., (2d Ed.), 207, Sec. 100; *Chapman* v. *Kirby,* 49 Ill., 211; Cooley on Torts (2d Ed.), 775; 106 Ind.; *Cenl. Union Tel. Co.* v. *Bradbury,* 66 Md., 399; *W. U. Telegraph Co.* v. *Hall,* 124 U. S. 444; *Turner* v. *Hawkeye Tel. Co.,* 41 Ia., 458; *Rittenhouse* v. *Ind. Line of Tel.,* 44 N. Y., 263; Sedg. on Dam. (8th Ed.), Sec. 75, pp. 658-660; 1 Am. Law Reg., 685; Gray on Communication by Tel., Sec. 6.

SHAUCK, J.; BURKET, C. J., PRICE and CREW, JJ., concur.

The request of the ice company for a proposition for furnishing the shaft gave prominence to its desire for a definite understand-

ing as to the time when it could be furnished. The iron company's proposition to furnish it in three weeks, when accepted, had the force of a stipulation; and no reason appears why there should not be a recovery for its breach. The reasons for the delay which were given upon the trial might well serve to relieve the iron company from culpability, but not from the obligation of its unconditional undertaking to furnish the shaft at the time specified.

Nor does it appear that the circuit court gave adequate compensation for the breach when it required the iron company to remit from the judgment which it had recovered in the common pleas court interest upon the value of the machine for the thirty-three days which it found to have intervened between the time stipulated for the delivery of the shaft and the date of its actual delivery. When the breach of a contract consists in the failure to pay money, interest is allowed as compensation because, according to common understanding, it actually represents the value of the use of the money. But in this case the parties were not stipulating for the use of money, nor could there have been in the contemplation of either party damages resulting from the failure to pay money.

The celebrated case of *Hadley* v. *Baxendale*, 9 Exch., 341, has been generally accepted as defining correctly the principles upon which damages should be assessed for a breach of contract. It has been so accepted in this state. They are such damages as arise naturally from the breach of the contract, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Later decisions show that there has been difficulty in the application of these principles to particular cases, and that case has been many times interpreted and its statements paraphrased, though the correctness of the principles which it defines has been generally if not universally accepted. It does not appear that such view has ever been taken of the case as would justify the assessment of damages for the deprivation of the use of property by the computation of interest upon its value. Nor upon the other hand, would it justify the recovery by the ice company in the present case of the large profits which, as its testimony tended to show, were probably lost by reason of the delay. In that respect the case

should be regarded as within the rule as familiarly stated, that profits or speculative damages are not recoverable, but which would give the result of a much larger number of cases, and be much less liable to misconstruction, if it were said to be that the law does not permit the recovery of damages which can be ascertained only by speculative methods. The recovery of lost profits in the present case would involve the local condition of the markets, peculiarities of the ice company's business, its ability to substitute other machinery for the disabled machine, and other elements of injury not arising naturally from the breach of the contract nor presumably within the contemplation of the parties as the result of a breach. By the terms of the correspondence and the circumstances in which it was conducted, the iron company was admonished that the loss of the use of the disabled machine would result from its failure to furnish the shaft at the time agreed upon, and the loss of such use results naturally from the breach. The value of the use of the machine for the time intervening between the day stipulated for its delivery and the day of its actual delivery should therefore be ascertained and awarded as damages. Evidence of the capacity of the machine and the extent and character of the ice company's business was properly admitted to aid in assessing damages under the rule stated. In language used so frequently as to be well understood: "It was to be considered in arriving at the rental value, though not constituting the measure of damages."

*Judgments of the circuit and common pleas courts reversed.*