## PROOF AS TO BREACH OF EXPRESS GUARANTIES AS TO MACHINERY SOLD.

[Circuit Court of Cuyahoga County.]

CLEVELAND PUNCH & SHEAR WORKS CO. v. CONSUMERS CARBON CO.

Decided, September, 1904.

*Pleading—Averments of Cross-Petition as to Guaranties—Good for Purpose of Letting in Proof—Showing Special Damages Sustained—Evidence—Contracts for Machinery with Express Guaranty.*

Suit was brought for balance due under a written contract for machinery sold defendant with certain express guaranties.

Defendant answered, admitting the contract and delivery of machinery, but denying that it complied with said guaranties.

By cross-petition, in addition to averring that the machinery did not comply with the expressed guaranties, defendant averred that being about to engage in a certain business involving a large investment for the purchase of land and the erection of buildings and machinery, and the employment of many operators at large expense, and needing certain machinery without which its business could not be operated, all of which was known to plaintiff, and which machinery plaintiff professed to be able to furnish, it invited plaintiff to furnish the same, and plaintiff professing to comply with said agreement, delivered to defendant certain items of machinery which it represented would comply with said terms, and defendant, relying upon said representations, placed the same in position and expended large sums in its attempt to use it; that by the failure of said machinery as aforesaid, defendant's plant could not be fully operated, to its damage, etc.

Motion was made to strike out said additional averments in the cross-petition, which was overruled.

*Held:* That while proof could not be received under said averments to establish implied guaranties, different from or additional to the

guaranties expressed in the contract, the averments were proper for the purpose of letting in proof as to special damages sustained by the defendant by reason of the breach of the expressed guaranties, and the motion being addressed to the sound discretion of the trial court, the judgment will not be reversed for the overruling of said motion.

WINCH, J. (sitting in place of Judge Donahue); VOORHEES, J., and McCARTY, J., concur.

Error to the Court of Common Pleas of Fairfield County.

The motion to strike the bill of exceptions from the files in this case has been granted for the reasons stated in *Tatje* v. *Pettie* (unreported).

The plaintiff brought its action in the common pleas court to recover a balance due on a written contract for the sale to the defendant of three hydraulic mold presses as shown in blue prints in the possession of the defendants, one six plunger horizontal pump as shown by said blue prints, and one accumulator of capacity of power and dimensions to take care of said set of pumps; all of said machinery was to be furnished within three months, it being guaranteed that it should have the capacity to make 330 impressions per hour on each press and to be of ample strength to stand the pressure of 6,000 lbs. per square inch, the effective stroke of said presses to be one inch.

It is alleged in the petition that the time for the delivery of said machine was extended by the defendant; that plaintiff delivered the machinery, and that it was as guaranteed in the contract; that the defendant received the machinery, accepted it, immediately put it into use, has ever since used it, and, having paid $2,000 on the contract price, refuses to pay the balance due, amounting to some $1,901.

The defendant filed an answer to this petition, admitting the making of the contract and the delivery of machinery, but denying that the machinery delivered complied with any of the guaranties contained in the contract. While admitting the payment of $2,000, the defendant says that said payment was made before the machinery could be fully tested, and before it was advised that it was not as guaranteed. The answer also contains a cross-petition, in which the defendant, in addition to setting up the failure of the machinery to comply with the guar-

anties in the contract, averred, in substance, that it was engaged in the construction of a factory designed for the purpose of manufacturing carbons; that a large amount of capital was being invested in grounds and buildings; that a sufficient number of expert operators had been by it·employed at large expense; all of which was well known to plaintiff; that the defendant required certain presses, pumps and other machinery to enable it to successfully manufacture carbons, and without which said machinery could not be operated; that the plaintiff professed to be able to manufacture and supply said machinery to defendant; that the plaintiff knew that the operation of said plant was dependent upon the furnishing of said machinery; that the plaintiff, professing to comply with said agreement, delivered to defendant certain items of machinery, which it represented would comply with said terms, and the defendant, relying upon said representations, placed the same in position and expended large sums of money in its attempt to use it; that by the failure of said machinery as aforesaid defendant's said plant could not be fully operated, and defendant lost in large part the use and service thereof, to its damage in the sum of $20,000, for which it asks judgment against the plaintiff.

A motion to strike out the above allegations from the cross-petition was made by plaintiff and overruled, defendant excepting. Reply being filed, the case was tried to a jury, resulting in a verdict in favor of the defendant on its cross-petition.

In this court the motion to strike the bill of exceptions from the files having been granted, there remains for consideration but one error complained of—that is, the action of the trial court in overruling the motion to strike out said allegations from the cross-petition.

It was urged in support of said motion, and it is urged in this court, that the only purpose for which evidence could be offered in support of the allegations asked to be stricken out would be to establish guaranties not expressed in the contract—implied guaranties—such as that the machinery was fit and proper for the purposes to which defendant attempted to apply it.

If it were true that evidence could be offered under the allegations complained of for said purposes alone, the case would be quite doubtful, but we are of opinion that consequential damages might be shown under said allegations as flowing directly from .a breach of the guaranties expressed in the contract. The guaranties expressed all related to the operation of the machinery in a particular business and not to its material and workmanship. It was to have the capacity of a certain number of impressions, to withstand an enormous pressure and to have a specified effective stroke.

It was designed according to blue prints prepared by the plaintiff and its operation prescribed by it. It is apparent from the pleadings that it was delivered by the plaintiff *to be used in defendant's business*, and may not defendant show that the guaranties expressed in the contract were such as alone made it suitable therefor? The situation of the parties when they entered into the contract may be inquired into. The rule that parol testimony is not admissible to contradict or add to a written contract does not forbid inquiring into the object of the parties in executing it. *Brick* v. *Brick,* 98 U. S., 514.

Had plaintiff failed to deliver any machinery at all under said contract, there would be no question as to the relevancy of the allegations complained of. We would then apply the rule laid down in the recent case of *Champion Ice Mfg. & Cold Storage Co.* v. *Iron Works Co.,* 68 Ohio St., 229, that consequential damages may be recovered, if the circumstances are known to the parties at the time of making the contract.

Might not the defendant be able to show—under its allegations, that the machinery was not according to the written guaranties—such failure to comply with said guaranties as amounted to a total failure to comply with the contract? If it could, or if the proof tended to establish such failure of the expressed guaranties as rendered the machinery valueless to the defendant in its business, the allegations complained of would be proper, and the purpose of them would be to give an opportunity for the introduction of testimony as to the special damages sustained by the defendant, said special damages being consequential upon a breach of the expressed guaranties and growing out

of a failure to comply with the written contract and not arising from the breach of any implied guaranties as claimed by the plaintiff in its motion.

It would seem that in this case the warranties contained in the written contract were made with express reference to the particular situation of the parties. Such being the case, the allegations in the cross-petition asked to be stricken out would not be prejudicial to the plaintiff. That the cross-petition is open to some criticism on the ground of irrelevancy and redundancy does not make the ruling of the trial judge so erroneous as to require a reversal on that ground. Good pleading excludes the statement of evidential facts, but special damages must be pleaded.

"The question as to redundancy and irrelevancy is in general addressed to the discretion of the court, and its decision usually depends upon the nature of each case." Swan, Prac. & Prec., 219.

In this case we do not think there was such abuse of discretion on the part of the trial judge in overruling the motion to strike out as to require a reversal of the case on that ground, and the judgment is therefore affirmed.

---

## ORDER ASSESSING COSTS AGAINST PLAINTIFF'S ATTORNEY NOT APPEALABLE.