### CINCINNATI & COLUMBUS TRAC. CO. v. JEWETT CAR CO.

1. DEFENSE OF BREACH OF WARRANTY AND DEMAND FOR DAMAGES GOOD AGAINST DEMURRER.

   A defense of breach of warranty and prayer for damages therefor demands affirmative relief and must be treated as a cross petition, against which a demurrer will not lie if the facts set up entitle the defendant to any relief against plaintiff on the contract sued.

2. ORDER SUSTAINING DEMURRER TO ANSWER AND CROSS PETITION, NOT FINAL.

   An order sustaining a demurrer to an answer and cross petition setting up breach of contract and prayer for damages does not in effect determine the action nor prevent a judgment. Whether it is final within the meaning of Sec. 6707 Rev. Stat., *quaere*.

ERROR to Hamilton common pleas court.

Hamilton County.

**C. B. Matthews,** for plaintiff in error.

**Wright & Wright,** for defendant in error.

GIFFEN, J.

The Jewett Car Company as plaintiff in the original action set up a contract for the construction of certain railroad cars, alleged full performance, and prayed judgment for the balance due.

The defendant admitted the contract and that it received the cars, but denied each and every other allegation of the petition; and as a second defense and by way of cross petition pleaded an express warranty and breach thereof, for which it asked damages.

A demurrer to the second defense was sustained and an amended answer and cross petition being presented to the court for filing, permission was denied, and thereupon the original cross petition was dismissed at defendant's cost.

The second defense must as a whole be treated as a cross petition because affirmative relief is demanded therein. Section 5055; *Klonne* v. *Bradstreet,* 7 Ohio St. 322. Hence, if the facts stated entitled the defendant to any relief against the plaintiff, the general demurrer was improperly sustained. The defendant averred in substance that the plaintiff agreed to construct the car of good materials and workmanship and warranted the same and its several parts fit for the purpose of operating the same on its interurban line; that while so operating the car with due care the brake rod broke, by reason of a defective weld, and the car was precipitated down an embankment and damaged in the amount of $200 in addition to certain necessary repairs amounting to $167.07, and defendant was deprived, by reason of said breach of warranty and damages to said car, of its use for the period of thirty-nine days, estimated at $25 a day.

The express terms of the warranty show that the parties had in contemplation, at the time the contract was made, that the brake rod was fit for the use to which it was put, and was expected to be so used. The car would be of little value to the defendant while deprived of the use for which intended. The amount of the damages claimed, and whether the defendant had another car to use in place of the disabled car while being repaired, are questions of fact to be submitted to the jury. It does not appear how much of the damage to the car occurred before, and how much after the car was precipitated down the embankment, nor does it definitely appear that such precipitation was caused by the fracture of the defective brake rod. Enough appears, however, to show some injury to the car, and some loss of its use by reason of such defect, thereby making a pleading good against demurrer.

Traction Co. v. Car Co.

*Champion Ice Mfg. & Cold Stor. Co.* v. *Iron Works Co.* 68 Ohio St. 229 [67 N. E. Rep. 486].

We entertain some doubt whether the order complained of is final within the meaning of Sec. 6707 Rev. Stat., as it does not in effect determine the action nor prevent a judgment, but as the question was not raised by counsel we have so treated it. *Holbrook* v. *Connelly,* 6 Ohio St. 199; *Carpenter* v. *Canal Co.* 35 Ohio St. 307.

The judgment will be reversed for error in sustaining the demurrer to the second defense of the answer and in denying leave to file amended answer.

The cause is remanded for further proceedings.

**Swing** and **Smith, JJ.,** concur.