## SPECULATION AS TO PROFITS WHICH MIGHT HAVE RESULTED.

Circuit Court of Cuyahoga County.

ARTHUR COWDRICK v. EDWARD J. SEARLES ET AL.

Decided, November, 1908.

*Damages—Loss of Profits.*

In an action for the balance due on a contract for building greenhouses, the defendants counter-claimed for damages arising from delay in finishing the greenhouses on time, whereby they lost one crop of lettuce and the profits therefrom. *Held:* That loss of profits in such manner were too speculative to be submitted to the jury.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Cowdrick brought suit against Searles Brothers on a contract for the erection of certain large greenhouses, about 150 feet wide and 80 feet long, which he erected for the defendants at a

cost of about $45,000.   He claimed about $4,500 due him under the terms of the contract, being 10 per cent. upon the cost of the buildings.   The defendants counter-claimed for poor and defective work and also for damages arising from delay in finishing the greenhouses on time, whereby they lost one crop of lettuce and the profits therefrom.   Their answer alleges that the plaintiff knew the use of the buildings were to be put to and the number and kind of crops that were to be raised therein and made his contract to have the greenhouses completed by October 1, 1906, in contemplation of the use to which the property was to be put.

Evidence was introduced by the defendants tending to establish the allegations of their answer, and as establishing the amount of damages arising from delay in completing the work the court permitted the defendants to introduce evidence as to the value of the crops of lettuce raised in the greenhouses during the season of 1906 and 1907, after they took possession of the buildings and the profits they would have realized from the crop of lettuce they lost.

The court also charged the jury that the defendants might have damages for delay in completing the work, if the jury should find them entitled to such damages, "which would be the proper allowance for one crop of lettuce."

We think that in admitting evidence as to the profits from a crop of lettuce and charging with relation thereto, as he did, the trial judge erred.

The general rule that loss of profits should be excluded in estimating damages for breach of a contract, is well known.   It is based upon the uncertainty arising from contingencies wholly conjectural which affect all business, and which can hardly be apprehended by both parties when the contract is made.

While it is urged in this case that lettuce growing in hot houses has been reduced to an exact science, so that you can tell just how many pounds of lettuce can be grown in a given time in houses of a given area, the personal equation must not be overlooked.   Some men have more knowledge and skill than others; hired help grow careless; capital is sometimes impaired

by outside influences.  Above all, the market can not be controlled.  We see no reason for excepting the lettuce business from this general rule, and find sufficient authority for our conclusion in the adjudicated cases in Ohio.

The case of *City of Cincinnati* v. *Evans*, 5 O. S., 594, involved the business of a merchant tailor.  Judge Ranney delivered the opinion of the court, and part of the syllabus of the case reads as follows:

"In an action of trespass for an injury to a building occupied by the plaintiff as a store, resulting in an interruption of his business, he may recover, in addition to the damages done to the building, such further sum as will compensate him for the loss of its enjoyment while such interruption continued.

"For this purpose, it is competent to prove the nature and extent of the business, the necessity of using the building for its prosecution, and the value of such use to him during the period of interruption.

"But in the absence of fraud, or malice, or other circumstances justifying the recovery of exemplary damages, the amount of profits which might have been realized by employing his personal services and capital in the prosecution of his business in the injured building during such interruption can not be recovered.

"In such case, the loss of profits does not furnish a proper rule for estimating the damages; but the loss of the use of the property, and the value of such use to the injured party, is all that can be received."

The syllabus of the case of *Rhoades* v. *Baird*, 16 O. S., 573, is as follows:

"An action was brought on a contract by which the defendant agreed to make a lease, for the term of ten years, to the plaintiff, of certain lands on which to plant and cultivate a peach orchard.  The breach consisting in the failure of the defendant to make the lease, and in his causing the plaintiff within two years from his taking possession, to be evicted from the premises, but plaintiff was permitted to give evidence of the probable profits that might in the future be realized from the orchard, judging by the number of crops and the prices of peaches in the county for the last ten and fifteen years.   *Held*:

"(1)   The evidence as to the probable future profits was incompetent to be given in chief by the plaintiff, as furnishing a basis for the assessment of damages by the jury, such evidence

being uncertain and speculative in its nature and in a great de-
gree conjectural.

"(2)  To the extent that damage depended on the loss of the
use of the property for the term, its market value at the time
of the eviction subject to the performance of the contract on the
part of the plaintiff, furnished the standard for assessing the
damages.  If it had no general market value, its value should
be ascertained from witnesses whose skill and experience enabled
them to testify directly to such value in view of the hazards
and chances of the business to which the land was to be devoted."

The case of *The Ice Manufacturing Co.* v. *Iron Works Co.*,
68 O. S., 229, involved the loss of profits in the manufacture of
ice, which would seem to be as certain a business as raising
lettuce.  The syllabus of the case is as follows:

"In an action by the owner of machinery used in a plant in
actual operation to recover damages for the breach of a contract
to furnish at the time specified an essential part of a disabled
machine, the measure of damages is the value of the use of the
machine in the business for the time which intervened between
the date for delivery and the date of actual delivery, if the cir-
cumstances are known to both parties at the time of making the
contract."

The same rule was followed in this circuit in the case of
*Johnson* v. *Slaymaker et al*, 18 C. C., 104, which involved dam-
ages for failure to complete on time the Oak Ridge Sanitarium,
at Green Springs, Ohio.  Judge King, who delivered the opinion
of the court, thus states the rule, in the ninth paragraph of the
syllabus of the case:

"The proper measure of damages for failure to complete the
building within the time stipulated in the contract is the value
of the use of the building during the months its completion was
delayed, if it had been completed according to and within the
time stipulated in the contract."

The opinions of the three Supreme Court cases cited, fully
set forth the kind of evidence admissible in proving the damages
resulting from loss of use of the property and will be a sufficient
guide, upon a re-trial of this case, for the trial judge, in ruling
upon evidence, so that it is unnecessary to rule upon each ex-

ception taken by plaintiff in error to the admission or rejection of evidence.

For errors in ruling on evidence and in the charge, as indicated, the judgment is reversed.