## SWISHER ET AL. v. KIMBROUGH.

*Charge to jury—Issues of fact and law, principles governing,
to be clearly stated—Charge not to be misleading or mis-
direct jury in considering issues—Contradictory or con-
flicting instructions, erroneous and prejudicial—Dam-
ages for breach of contract by discharging employe before
termination—Measure of damages for breach of ex-
clusive selling contract on commission—Charge to jury
uncertain and contradictory.*

1. Instruction of court should state clearly and concisely
   issues of fact and principles of law governing them for
   purpose of assisting jury in arriving at verdict responsive
   to established facts and law applicable to them.
2. Instruction should address itself to issues to be determined,
   and must not be misleading or tend to misdirect jury in
   consideration of any issue in case.
3. Where instructions are contradictory or present conflicting
   rules of law which might lead to different results, such
   instructions are erroneous and prejudicial.
4. Damages resulting from breach of contract by discharge
   of plaintiff from defendants' employ two years before
   termination of contract must be those growing out of such
   breached contract based on terms and provisions of agree-
   ment, or such as may reasonably result therefrom.
5. In action for breach of contract which granted plaintiff
   for five-year period certain territory in which to sell
   defendants' cigars at 5 per cent. commission on all de-
   liveries made in such territory, measure of damages is 5
   per cent. commission on all accepted sales made by de-
   fendants in territory allotted to plaintiff, from date of
   alleged breach of contract to end of five-year period, less
   reasonable expenses incident thereto.
6. In action for breach of contract granting defendant terri-
   tory in which to sell defendants' cigars for five years at
   stipulated commission, charge stating measure of damages,
   first in accordance with terms of contract, and second in
   accordance with market value of time lost by plaintiff,
   one of which was not warranted by allegations in peti-

tion and unsupported by evidence, was uncertain and contradictory, and judgment based thereon was erroneous and prejudicial.

(Decided March 4, 1927.)

ERROR:· Court of Appeals for Licking county.

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiffs in error.
*Mr. Fletcher S. Scott* and *Mr. Edward Kibler,* for defendant in error.

Houck, J. . The errors here complained of occurred in a trial to a jury in the common pleas court of Licking county. The suit was filed by B. H. Kimbrough against John H. Swisher et al., the defendants in the common pleas court. Hereafter they will be referred to as they stood in the trial court.

The cause of this lawsuit was an alleged breach of a verbal contract between plaintiff and defendants, which granted to Kimbrough for a period of five years certain territory in which to sell the defendants' line of cigars. An agreement to that effect was confirmed and approved by letter, but no formal contract was ever signed.

The cause was submitted to a jury on the issues raised by the amended petition, the answer and cross-petition, the reply, and the evidence. The jury found in favor of the plaintiff, Kimbrough, in the sum of $4,002.21.

A new trial was denied and the Swishers seek a reversal of the judgment upon a number of grounds.

We have examined all of the claimed errors

urged in oral argument, in written brief, and as set forth in the petition in error.

As we view the case we deem it necessary only to discuss one alleged error: Did the court err in its charge to the jury upon the question as to the measure of damages?

We have read the charge of the court to the jury with much care, and have given to it most laborious investigation.

The following is all the court said to the jury concerning the law as to the measure of damages:

"In other words, it is claimed by the plaintiff in this case that one element of his damage was that he was to receive commissions upon all the goods shipped into this territory. That is expressed in the contract according to his theory of the matter; according to the defendants, of course, it is not. But you are to determine whether that element of the contract is proved by a preponderance of the evidence; and, if so, you will award him such damages as will make him whole.

"Damages is compensation in money for the loss sustained.

"This element of damage, it is claimed by the plaintiff in this case, is expressed in the contract—in the verbal and written contract combined, which existed between the two parties. As to any further damages in this matter, members of the jury, if you should find by a preponderance of the evidence, after a consideration of all the evidence in this case, that there was a breach of this contract upon the part of Swisher & Son, in that they terminated the contract before they had a right to terminate it, you cannot base the damages upon what the plaintiff in this case would probably have earned in

commissions; that is, to attempt to figure damages upon such a basis as that would be what the law calls prospective damages, and would be too indefinite for you to make any computation in regard to the matter. The true measure of damages, if you find by a preponderance of the evidence in this respect that he is entitled to any damages whatever, should be the market value of the actual loss of time—if there was any loss of time—on the part of the plaintiff. In arriving at that you will take into consideration what the employment of the plaintiff was during that period; as to the nature of the contract which he claims; whether or not it was a requirement that he should devote his entire time in the matter; and whether or not there was in fact, and if it is proven by a preponderance of the evidence, any loss of time on his part, and what evidence there is, if any, in this regard as to the market value of such time, if any time he did lose.

"I think I did, but I will say to the jury that, if the jury finds, by a preponderance of the evidence, the contract to be as you set it out—that the agreement was that he was to receive these commissions upon all goods shipped into that territory, that it would include all goods shipped into the territory after the alleged termination of the contract."

The purpose of an instruction by the court is to furnish guidance to the jury in its deliberations, and to aid it in arriving at a proper verdict. Hence the charge should state clearly and concisely the issues of fact and the principles of law governing them, thereby assisting the jury to accomplish the purpose desired—a verdict responsive to the established facts and the law applicable to them.

The instruction given must and should address itself to the issue or issues to be determined. It must not be misleading, or of such kind and nature as may have a tendency to confuse or misguide the jury in the consideration of any issue in the case. It occurs to us, where instructions are contradictory, or conflicting rules of law are given in the charge for the guidance of the jury, which would or might lead to different results, then such instructions are not only misleading and within themselves defective and erroneous, but prejudicially so.

Here, the asserted breach was in the discharge of Kimbrough from the employ of Swisher two years before the termination of his contract. The damages, if any, resulting therefrom, must be those growing out of such breached contract, based on the terms and provisions of said agreement; or such as may have reasonably resulted therefrom.

The plaintiff relies on an entire contract, for a five-year period, to sell at a commission of 5 per cent. the lines of cigars manufactured by the defendants, in a certain territory agreed to in the contract, upon the claim that he was to receive such commission on all deliveries of cigars in said territory during such five-year contract, and that at the end of three years the contract was breached by defendants. Under these facts, what is the basis or measure of damages resulting to plaintiff, if any?

We are fully convinced that the governing rule is: A 5 per cent. commission on all the accepted sales made by the defendants, if any, in the territory allotted to the plaintiff, from the date of the alleged breach of the contract to the end of the five-year period, less the reasonable and proper expenses incident thereto, if any.

The rule, in cases like the one at bar, may be stated:

"That the damages recoverable for breach of contract are such as may·fairly and reasonably be considered as arising naturally—that is, according to the usual course of things—from the breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." 8 Ruling Case Law, p. 455, Section 25. ·

"Damages [that] should be assessed for a breach of contract * * * are such damages as arise naturally from the breach of the contract, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it." *Champion Ice Mfg. Co.* v. *Pennsylvania Iron Works Co.,* 68 Ohio St., pp. 229, 234, 67 N. E., 486, 487.

An inspection of the challenged charge leads us to conclude that at least two rules were attempted to be given to the jury by the trial judge—not intentionally so, but in legal effect such is the fact. Upon one of these we find no allegations in the petition to warrant it and no evidence was offered in its support.

The questioned charge in this case, therefore, measured by the comments of this court and the rules of law herein set forth, is indefinite, uncertain, contradictory, and fails to properly state the true and legal rule as to the measure of damages.

Thus finding, the judgment of the common pleas court is not only erroneous, but of a prejudicial character to the rights of the plaintiffs in error, and, in order to protect their rights, and that sub-

stantial justice may be done all parties in interest, the judgment of the lower court must be reversed, and a new trial granted.

We need only to remind counsel that, as this case is remanded to the common pleas court 'for a new trial, we therefore, for obvious reasons, do not express an opinion on the other features arising on the record.

*Judgment reversed and cause remanded for new trial.*

SHIELDS and LEMERT, JJ., concur.