No. 431

SWISHER et v. KIMBROUGH

Ohio Appeals, 5th Dist., Licking Co.

No. 1713. Decided March 4, 1927

355. DAMAGES—Damages for breach of contract are such as arise naturally from such breach, or such as may have been reasonably contemplated by the parties at the time the contract was made, as the probable result of the breach thereof.

**First Publication of this Opinion**

HOUCK, J.

Suit was filed by B. H. Kimbrough in the Licking Common Pleas against John H. Swisher et al. for an alleged breach of a verbal contract which granted to Kimbrough for five years, certain territory in which to sell Swisher's line of cigars. There was a confirmation of the contract by letter but no formal contract was ever signed.

The jury found in favor of Kimbrough in the amount of $4002.21 and judgment was entered on the verdict. Error was prosecuted for a reversal and the Court of Appeals held:

1. It is necessary only to discuss one alleged error, namely:—did the court err in its charge to the jury upon the question as to the measure of damages?

2. The asserted breach in this case was in the discharge of Kimbrough from the employ of Swisher two years before the termination of his contract. The damages, if any, resulting therefrom must be those growing out of such breached contract based on the terms and provisions of said agreement, or such as may have reasonably resulted therefrom.

3. Kimbrough relied on an entire contract for a five year period to sell the goods of Swisher at a 5% commission in the territory agreed upon; that such commissions were to be received on all deliveries of cigars in said territory during the five years; and that the contract was breached at the end of three years.

4. The measure of damages resulting to Kimbrough would be a 5% commission on all accepted sales made by Swisher in the territory alloted to Kimbrough, from the date of the alleged breach to the end of the five year period less reasonable and proper expenses incident thereto.

5. "Damages for breach of contract, are such damages as arise naturally from the breach - - - or such as may reasonably be supposed to have been made in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it." Ice Co. v. Iron Co., 68 OS. 2Z9, 234.

6. The charge of the court, set up as a ground for error is indefinite, uncertain and conflicting; and fails to properly state the true and legal rule as to the measure of damages in the instant case.

Judgment therefore reversed and cause remanded.

(Shields & Lemert, JJ., concur.)

Attorneys—Fitzgibbon, Montgomery & Black for Swisher; Fletcher S. Scott and Edward Kibler for Kimbrough; all of Newark.