WALSH CONSTR. CO. v. GUARD. TR. CO.
GUARD TR. CO. v. WALSH CONSTR. CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8440. Decided May 7, 1928.
**First Publication of This Opinion.**
Syllabus by Editorial Staff.

**755. MECHANICS' LIENS.**

Failure to comply with provisions of 8326 GC., with reference to filing copy of statement with recorder of county where property is situated, bars claimant from participation in fund under Attested Account Laws.

**1279. WORK & LABOR.**

Claim of one who furnished trucking and labor, held not one for rental of trucks, but for labor with trucks in connection with improvement.

Heard on appeal.

Roscoe M. Ewing and O. P. Moon, Cleveland, for The Guardian Tr. Co.

S. H. West, Cleveland, for Walsh Const. Co.

Oscar J. Horn and H. N. McLaughlin, Cleveland, and R. M. Nye, Painesville, for other defendants.

FULL TEXT.

WILLIAMS, J.

Cause No. 8440 is a proceeding in error in which the plaintiff in error seeks a reversal of the judgment of the Common Pleas Court of this county. Cause Nos. 8435, 8436, 8437 and 8438 came into this court by way of appeals, taken by four of the defendants, from the same judgment. As the appeals were properly taken and suspended the judgment of the court below, we dismiss the petition in error.

The appeals involve the rights of persons who furnished labor and material in connection with the construction of a subway in Painesville, Ohio, the City of Painesville and The New York Central Railway Company having agreed upon the elimination of a grade crossing. The appellants' claims involve their right to share in the fund under that part of the laws relating to Mechanics' Liens, sometimes referred to as the "Attested Account Laws," and especially under and by virtue of GC., Sections 8322, 8324, 8325 and 8326.

We find that the principles announced in Ohio Savings & Trust Co. v. Schneider, 25 Ohio App., 235 (26 O. L. R., 235; issue of January 16, 1928) are applicable to the issues involved in the case at bar and applying those principles we find that the claim of the various appellants, except L. Gage Booth are barred for failure to comply with the provisions of GC., Section 8326, with reference to filing a copy of the statement with the recorder of the county where the property is situated. As to the claim of L. Gage Booth, we find from the stipulation of facts offered in evidence that the appellant, L. Gage Booth, furnished and performed certain trucking and labor from November 1, 1924, to December 24, 1924, both inclusive, as appears from his sworn itemzied statement of the amount and value of said trucking and labor. The sworn statements show the trucking and labor by items and the evidence discloses that this statement was properly filed under Secs. 8325 and 8326, and the law fully complied with. The claim was not one for the rental of the trucks but for labor with trucks in connection with the completion of the improvement. We think the claim of L. Gage Booth is a good and valid charge upon the fund in question.

No claims for labor or material are presented before this court except those of the four appellants.

Decree will be entered in accordance with this opinion allowing the claim of L. Gage Booth as a valid charge upon the fund and finding that the claims of the other appellants are not a charge upon the fund, and awarding the balance of the fund, after payment of the claim of L. Gage Booth and the costs therefrom to The Guardian Trust Company.

Decree accordingly.

(Richards and Lloyd, JJ., concur.)

# OFFICIAL SYLLABI
## Ohio Appeals

TILLMAN v. TOLEDO (City).

Ohio Appeals, 6th Dist., Lucas Co.

Smith, Baker, Effler & Eastman, Toledo, for Tillman.

Frank M. Dotson, Dir. of Law and Chas. T. Lawton, Toledo, for City of Toledo.

RICHARDS, PJ.

1. **118. AUTOMOBILES—180. Bridges.**

In action for injuries against city caused by plaintiff's automobile skidding off bridge, evidence of condition of railing along outer edge of sidewalk and of planks on sidewalk was properly excluded, since city was under no duty to maintain railing sufficient to prevent automobiles from plunging off bridge.

2. **1053. ROADS & HIGHWAYS—799. Municipalities.**

Municipality is only under duty to keep public ways in reasonably safe condition for public travel in usual and ordinary modes.

3. **1265. WEIGHT OF EVIDENCE.**

Whether municipality fulfilled duty of keeping bridge in reasonably safe condition is for jury, in action for injuries to plaintiff, whose automobile skidded off bridge.

4. **1235. VERDICTS.**

General verdict by jury for city, in action for personal injuries, caused by plaintiff's automobile skidding off bridge, cannot be disturbed, if free from error on either issue of negligence by city or contributory negligence by plaintiff.

(Williams & Young, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.