### B F STURTEVANT CO v BOARD OF EDUCATION OF CINCINNATI (city) SCHOOL DISTRICT

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 10, 1935

Malcolm McAvoy, Cincinnati, and Daronne R. Tate, Cincinnati, for plaintiff in error.

Benton & Benton, Cincinnati, and Smith & Ludeke, Cincinnati, for defendants in error.

## OPINION

By MATTHEWS, J.

The question presented by the record is whether B. F. Sturtevant Company acquired a lien on this fund as against the other claimants who had furnished materials. That question can be answered by determining what was the effect, if any, of the delay from July 8, 1933 to March 14, 1934, in filing the copy with the county recorder.

We quote the pertinent parts of §§8324, 8325, 8326 and 8328, GC:

**Sec 8324, GC:**

"Any sub-contractor, materialman, laborer or mechanic, who has performed labor or furnished material, * * * for the construction, alteration, removal, or repair of any property, * * * public building provided for in a contract between the owner, or any board, officer or public authority and a principal contractor, and under a contract between such sub-contractor, materialman, laborer or mechanic and a principal contractor or sub-contractor, at the time of beginning to perform such labor or furnish such material, fuel or machinery, or at any time, not to exceed four months from the performance of the labor or the delivery of the machinery, fuel or material, may file with the owner, board or officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and to be performed, material, fuel or machinery furnished, * * *."

**Sec 8325, GC:**

"Upon receiving the notice required by the next preceding section, such owner, board or officer or public authority or authorized clerk, agent or attorney thereof, shall detain in his hands all subsequent payments from the principal or sub-contractor to secure such claims and the claims and estimates of other sub-contractors, materialmen, laborers, mechanics, or persons furnishing materials to or performing labor for any contractor or subcontractor who intervenes before the next subsequent payment under the contract or within ten days thereafter."

**Sec 8326, GC:**

"Such sub-contractor, materialman, mechanic, laborer or person so filing his statement with the owner, board, officer, or authorized clerk or agent or attorney thereof, in order to notify his fellow sub-contractors, materialmen, mechanics and laborers, at the same time shall file a copy thereof with the recorder of the county where such a property is situated. If he fails so to do, the filing of the notice with the owner, board, officer, or authorized clerk, agent or attorney thereof shall give him no preference over other claimants."

**Sec 8328, GC:**

"All sub-contractors, materialmen, laborers, mechanics or persons furnishing material, fuel or machinery who, before the first subsequent payment falls due after the deposit of a copy of such statement with the county recorder by any subcontractor, material or machinery man, laborer, or person furnishing material, or within ten days thereafter, file with such owner, board, officer, or authorized clerk, agent or attorney thereof, a sworn and itemized statement or estimate of the labor, machinery, fuel or material furnished or to be furnished by them under a contract with a principal or sub-contractor, containing a description of any promissory note or notes given therefor, or any part thereof, shall be paid pro rata with the person first so filing such statement and with each other, out of such first and other subsequent payments so falling due. Upon failure so to do, they shall have no recourse against the owner, board, officer, or the clerk or agent thereof for any prior payments made under his contract with his head contractor or sub-contractor."

It seems clear that time did not begin to run against the other materialmen in favor of B. F. Sturtevant Company until it had filed the copy of the sworn statement with the county recorder. Until it did that, the filing of the sworn statement with the board gave it no preference over other claimants. The statute does not state that no lien shall be acquired until the copy is filed with the county recorder. It clearly limits the effect of the failure to file the copy to the withholding of a preference. It is clearly stated in the statute that the purpose of filing is to give notice to materialmen, et al and the forfeiture of the preference is the logical result of failure to give such notice.

We are unable to discover in the language of the statute any intention to make the filing with the county recorder a condition precedent to the attachment of the lien. The filing of the sworn statement with the owner or board immediately imposes the duty to withhold all subsequent payments from the principal contractor. That indicates to us that the lien attaches by virtue of the filing of the sworn statement and not by virtue of the additional act of filing the copy with the county recorder.

The lien, but not the preference having attached upon the filing of the sworn statement with the board, what effect upon the rights of the parties did the filing of the copy with the county recorder upon March 14, 1934, have upon the rights of these claimants inter sese? The claimants other than B. F. Sturtevant Company, took no steps to preserve their liens. Sending unsworn statements and giving verbal notices to the board could have no legal effect. The materialmen, et al, are entitled to the protection of sworn statements against fraudulent claims. This requirement cannot be waived by the contractor (DeWitt on Mechanics' Liens, §124) or the owner (Id. §189). Having done nothing toward compliance with the statutory requirements to preserve their liens, they now occupy the status of general creditors, excepting to the extent that the order of the manufacturing company upon the board to pay them gives them title to an undivided interest in the chose. But if the title of their assignor was subordinate to the lien of B. F. Sturtevant Company, their title based on the order could occupy no different or higher status. This is the conclusion reached by DeWitt (See §343 of his work). We find two cases (**Ohio Savings & Trust Co. v Schneider, 25 Oh Ap, 259, and Walsh Construction Co. v Guardian Trust Co., 6 Abs, 485**) holding the contrary. In neither of these cases is there any analysis made of the statutory provisions or any reasons given for the conclusion that failure to file a copy with the county recorder resulted in loss of priority over an assignee of the chose. Failure to file prevents a preference over other claimants. This, it seems to us, means other claimants who have filed the sworn statement with the owner or board. Between one who has a lien and one having none, there can be no question of preference between lienholders.

Had the claimants, other than B. F. Sturtevant Company, filed sworn statements with the board, we would have been called upon to determine the effect of the delay by that company in filing the copy with the county recorder. They would by filing the sworn statements with the board have

preserved their liens and the order of priority, if any, would have been presented.

Our conclusion is that B. F. Sturtevant Company has a valid lien upon the fund for the full amount of its claim prior and preferable to the claim of the other parties hereto under the order or assignment from the manufacturing company.

Inasmuch as this conclusion is in conflict with the judgment of the Court of Appeals of the Fifth Appellate District in the case of **Ohio Savings & Trust Co. v Schneider et, 25 Oh Ap, 259**, this case will be certified to the Supreme Court for its decision.

ROSS, PJ, and HAMILTON, J, concur.