84

Thomas, Plaintiff-Appellee, *v.* Lewis et,
Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25591. Decided December 14, 1961.

*In Propria Persona*, for plaintiff-appellee.
*Messrs. Fleck & Fleck*, for defendants-appellants.

(Hunsicker and Doyle, JJ., of the Ninth District, and Guernsey, J., of the Third District, sitting by designation in the Eighth District.)

HUNSICKER, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Cuyahoga County, Ohio, wherein David A. Thomas recovered a verdict, and judgment thereon, in the amount of $7,500, for claimed services rendered Sam Lewis and Sarah Lewis, the appellants, herein called Mr. Lewis.

Mr. Lewis owned a commercial building in which was located Lewis Motor Company, an automobile sales agency. On the real property there was a residence where Mr. Lewis lived. Mr. Thomas, in his petition, alleged that he was employed by Mr. Lewis to secure a buyer or lessor for the real estate or to secure a franchise for another automobile agency. Mr. Thomas alleged that all arrangements between the parties were oral.

Mr. Lewis denied that Mr. Thomas was engaged to sell, lease, or to secure, an automobile agency franchise for him. The testimony of Mr. Thomas was to the effect that he made, at the request of Mr. Lewis, many efforts to secure a purchaser or lessor for the real estate owned by Mr. Lewis. The discussions between Mr. Thomas and Mr. Lewis, regarding the sale and/or lease of the real property, were never reduced to writing, but Mr. Lewis did say that Mr. Thomas talked to him about a sale or lease of the property. Mr. Lewis was emphatic, however, in his denial that the parties discussed or mentioned an automobile agency franchise in any manner whatsoever.

Mr. Thomas frequently sent letters by certified mail to Mr. Lewis, in which letters Mr. Thomas detailed his efforts to secure a purchaser or a lessor for the real property. These letters were introduced into evidence, with a partial limitation by the trial court as to their consideration by the jury.

Among the letters introduced, together with the testimony of Mr. Thomas regarding them, were some letters of Mr. Thomas to the Ford Motor Company, or its Edsel division. Mr. Thomas stated that, after these letters were discussed with Mr. Lewis, he was told to cease his efforts toward securing the agency franchise and allow Mr. Lewis to conduct all of the negotiations with Ford Motor Company, Edsel division. Mr. Thomas further testified that Mr. Lewis then said that he, Mr. Thomas, would be paid for his services. Mr. Thomas said the minimum basis for any lease which Mr. Lewis would accept

was 10 years at a yearly rental of $15,000. Mr. Lewis shortly thereafter secured, for Lewis Motor Company, a family-owned corporation which had a lease on the real property herein, an Edsel sales franchise.

The matter was submitted to a jury, and, although much of the basis for payment of the service claimed to have been performed by Mr. Thomas is left to inference, such jury returned a verdict in favor of Mr. Thomas. It is from the judgment rendered on this verdict that an appeal on questions of law is lodged in this court.

Mr. Lewis says the trial court erred in the following respects:

"1. The court erred in its general charge to the jury.

"2. The verdict against the defendants is not sustained by sufficient evidence and is against the manifest weight of the evidence.

"3. The verdict against the defendants is contrary to law.

"4. The court erred in admission of evidence offered by the plaintiff.

"5. The court erred in refusing to render judgment for the defendants notwithstanding the verdict.

"6. The court erred in refusing to grant a new trial.

"7. The verdict was excessive, in that it was given under the influence of passion and prejudice.

"8. Other errors of law appearing on the face of the record."

We do not deem it necessary to discuss in detail the several assignments of error. We will, however, consider the charge to the jury in the light of the evidence introduced with respect to the claim of Mr. Thomas that, as the initiator of the franchise negotiations, he was entitled to compensation as promised by Mr. Lewis.

Five copies of letters written to Mr. Lewis by Mr. Thomas were introduced into evidence. These letters were statements by Mr. Thomas that he had submitted the property for sale or lease to various parties. The letters were self-serving declarations on the part of Mr. Thomas, and were introduced apparently for the purpose of helping establish that Mr. Thomas had an oral contract of employment with Mr. Lewis. Mr. Lewis

at first denied receiving any letters from Mr. Thomas, or of discussing the sale or lease of the premises with Mr. Thomas, but he did say he received letters from Mr. Thomas which he discarded or destroyed.

The trial court, on the admission of the letters, did limit, in part, the use to which such letters might be put, although not pointing out that they were self-serving declarations, and not admissible to prove the claimed agreement. *Tenbusch et al.*, v. *L. K. N. Realty Co.*, 107 Ohio App., 133. The trial court evidently admitted these copies of letters on the ground that they related to the question of the credibility of Sam Lewis, who was questioned at length on cross-examination by Mr. Thomas. The trial judge did not, in his general charge, limit, to the question of the credibility of Mr. Lewis, the use to which such letters could be put.

It must be noted that Mr. Thomas claimed that he was the procuring cause in the securing by Mr. Lewis of an automobile agency, for which service Mr. Thomas alleged Mr. Lewis had agreed to compensate him.

The trial judge, in his instructions, said:

"It is the claim of the plaintiff that after an agreement with Sarah and Sam Lewis, the owners of the property, that he undertook to secure a tenant for said premises and did secure a corporation known as the Ford Motor Company or a division thereof, namely, the Edsel Motor Company, who subsequently entered into a written agreement of lease with the defendant for a term of years."

Thereafter, the court many times referred to the lease which the Ford Motor Company, Edsel division, had obtained through the claimed efforts of Mr. Thomas.

At the conclusion of the instructions, the attention of the trial judge was called to the mistake he had made in directing the jury to consider the claim that a lease was entered into between Ford Motor Company, Edsel division, and Mr. Lewis. The trial court thereupon said to the jury:

"So that there won't be any confused thinking on the part of the jury, the court is complying with the plaintiff's request to state to you at this time as follows:

"I previously stated that the Ford Motor Company entered

into a lease contract. I instruct you, members of the jury, that I correct that to mean a franchise contract between the Ford Motor Company and the defendants. If the plaintiff was the procuring cause in obtaining the franchise agreement and if you find that Sam Lewis had agreed to consider the franchise agency agreement in the nature of a lease with rental at the rate of $1,250 per month, then you are to consider the franchise agency contract in that light and concept and for that purpose and make your finding accordingly.''

The exhibits show that an Edsel automobile agency was given to Lewis Motors, Inc., the family-owned corporation, which, although named as a party to these proceedings, was dismissed by the trial court as a party-defendant. It was this family corporation, owned 90% by Sam Lewis, that had a lease on the real property, and to which the agency franchise was awarded. No explanation concerning this feature of the case was given to the jury.

The issues that should have been submitted clearly to the jury by the trial court were: (1) Was there an oral contract between Mr. Lewis and Mr. Thomas to secure an automobile agency franchise for the family-owned corporation? (2) Did Mr. Thomas perform his contract? (3) Did Mr. Lewis agree to compensate Mr. Thomas for the services he rendered? and (4) What was the amount of compensation agreed upon by the parties?

The unfortunate reference in the instruction to a sale or lease of the premises to the Ford Motor Company, coupled with the introduction of copies of letters and testimony concerning the claimed services of Mr. Thomas in trying to secure a sale or lease of the premises to other parties, could lead only to confusion in the minds of the jury as to just what the issues were in this lawsuit.

The purpose of instructions to a jury is to clearly define the issues in a case, and, by a statement of the law applicable to the facts developed at the trial, assist the jury in arriving at a proper verdict. *Swisher* v. *Kimbrough*, 25 Ohio App., 233.

''Since, as stated above, the purpose of an instruction by court to jury is to furnish guidance to the jury in their deliberations, and to aid and assist them in arriving at a proper verdict,

it is essential that an instruction be so worded as to be easily and readily applied by them to the facts of the particular case under consideration; it should be definite, certain and coherent, as applied to the case at bar, and state clearly, distinctly and concisely the issues of fact and the principles of law governing them, thereby assisting the jury to accomplish the purpose desired,—a verdict responsive to the established facts and the law applicable to them, and not mislead them; or, in the language of other decisions, the trial judge's instructions should state the law applicable to the case, as made by the pleadings and proof, in clear, plain, distinct, unambiguous and understandable language,—in language which is not susceptible of misconstruction or misunderstanding. This principle has particular force in cases which are close on their facts.''

39 Ohio Jurisprudence, Trial, Sec. 250, in part, and authorities there cited.

The instruction in this case, by repeated reference to a lease to Ford Motor Company, coupled with the introduction of the letters which referred to a sale or lease of the premises, not only to Ford Motor Company but to other parties, was confusing and 'ambiguous. The attempt by the trial judge to clarify the erroneous use of the term ''lease'' throughout the instruction, by telling the jury that he meant ''franchise contract'' instead of a lease contract, did not remove the error that had already occurred.

It is the unanimous conclusion of this court that the instruction as given was confusing and ambiguous, and hence erroneous.

The judgment herein must be reversed, and the cause remanded to the trial court for further proceedings.

It is not necessary herein to discuss the other claims of error.

Judgment reversed and cause remanded.

Doyle and Guernsey, JJ., concur.