R & H TRUCKING, INC., APPELLANT, *v.* OCCIDENTAL FIRE & CAS. CO. OF NORTH CAROLINA, APPELLEE.

(No. 81AP-96—Decided July 9, 1981.)

*Mr. Charles E. Taylor,* for plaintiff-appellant.

*Messrs. Graham, Duto & Nemeth, Mr. Hubert C. Dutro, Jr.,* and *Mr. Gary Hammond,* for defendant-appellee.

NORRIS, J. This matter is before us on plaintiff-appellant's appeal from a January 30, 1981 judgment entry of the Court of Common Pleas of Franklin County, finding that there is no basis for an award of consequential damages to plaintiff arising out of events set out in plaintiff's complaint, and that plaintiff will be limited at trial to recovery of "actual property damage." The entry includes a determination that "there is no just cause for delay."

Plaintiff's complaint alleges that the parties entered into an insurance contract whereby defendant-appellee agreed to insure plaintiff's truck tractor and trailer equipment against accidental loss due to collision or upset; that on January 20, 1977, plaintiff sustained a loss which is covered by the insurance contract; but that defendant, "knowing that plaintiff's loss falls within the coverage of the aforesaid contract has wilfully and maliciously refused to perform its obligations under said contract" by failing to pay plaintiff's claim. Plaintiff sought recovery for damage to its trucking equipment, "consequential damages" for loss of use of the equipment, damages because plaintiff was forced to cease business when the claim was not paid, punitive damages, and attorney's fees.

According to memoranda in the court file, the question of liability centered around the parties' interpretations of a clause in the insurance policy concerning coverage in the event the truck "upset." Plaintiff contended that coverage was clear and defendant's refusal to pay plaintiff's claim was wilful and malicious. Defendant, on the other hand, argued that its interpretation of the clause and its refusal to pay the claim were reasonable and based upon careful investigation. On August 20, 1980, the trial judge, acting under the provisions of Civ. R. 42(B), determined the issue of liability in plaintiff's favor and then went on to find that there were "no bad faith negotiations on behalf of the defendant and the damages issue shall be confined to compensatory and consequential damages * * *." As trial approached, the trial judge filed the January 30, 1981 entry.

Plaintiff raises six assignments of error:

"1. The trial court's determination of the issue of bad faith when the court had been submitted on bifurcation the sole issue of coverage under the policy constituted a finding of fact which is against the manifest weight of the evidence. [*Sic.*]

"2. The conclusion of law that plaintiff was entitled to only compensatory damages when the court found 'upset' coverage where the court had been submitted on bifurcation the sole issue of coverage under the policy constituted an erroneous conclusion of law as a matter of law. [*Sic.*]

"3. The factual allegation of an insurance company's wilful and wanton failure to negotiate a property damage claim when its own adjusting files conclusively demonstrate such action in denying the claim has absolutely no factual or legal justification states a cause of action for compensatory, consequential, and punitive damages for the separate tort of wilful and wanton breach.

"4. The trial court erred in implicitly finding and concluding that there is no cause of action in Ohio for the tort of wilful and wanton breach of the duty to negotiate under insurance contracts.

"5. The trial court erred in failing to submit to a jury the issues of compensatory, consequential, and punitive damages arising out of defendant's tort of wilful and wanton breach.

"6. *Argundo* [*sic*], even if plaintiff did not establish a right to punitive damages it was entitled to all consequential damages flowing from the breach."

The threshold question before us is whether plaintiff may appeal from the trial court's January 30, 1981 order.

Plaintiff contends that the January 30, 1981 judgment entry is a final appealable order because the trial judge included an express determination that there is no just reason for delay, as provided for in Civ. R. 54(B):

"When more than one claim for relief is presented in an action, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * * and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims * * *."

Plaintiff's complaint presents only one claim for relief — a wilful and malicious breach of contract, and then prays for several different kinds of damages based upon the facts giving rise to the claim for relief.

Where only one claim for relief has been presented, and the trial court decides one of the legal issues involved in the case, but does not finally adjudicate the claim for relief, the court's decision does not become a final judgment subject to appeal simply by reason of the inclusion of Civ. R. 54(B), "no just reason for delay" language, in the court's order. See *CMAX, Inc.* v. *Drewry Photocolor Corp.* (C.A. 9, 1961), 295 F. 2d 695. Here, the judgment entry of January 30, 1981, does not purport to adjudicate plaintiff's claim for relief. Instead, the order limits the kinds of damages which might be awarded to plaintiff if it is successful in establishing its claim for relief at trial; it is in the nature of an interlocutory pretrial order aimed at the simplification of issues for trial. See Civ. R. 16(2).

In an earlier, analogous situation, we held that where a separate trial on the issue of liability is held under the trial court's discretion to "bifurcate" the trial of issues, pursuant to Civ. R. 42(B), the court's determination of that issue does not become, under Civ. R. 54(B), a "final judgment as to one * * * of the claims" which may then be treated as an appealable order. See the unreported decision of this court in *Greeler* v. *Law* (June 13, 1972), No. 72AP-60. Thus, under *Greeler* v. *Law, supra,* insertion of the "no just reason for delay" language in the August 20, 1980 order would not have rendered the trial judge's determination on the question of liability an appealable order, any more than the use of the language renders appealable the order of January 30, 1981.

Plaintiff cites *Sweet* v. *Grange Mut. Cas. Co.* (1975), 50 Ohio App. 2d 401 [4 O.O.3d 399], for the proposition that punitive damages are recoverable for wilful and wanton breach of contract. In the interest of judicial economy, we will comment on plaintiff's contention.

It is well settled in this state that punitive damages are not recoverable in an action for breach of contract, even though it is alleged that the breach was unlawful, wilful, wanton, and malicious. *Ketcham* v. *Miller* (1922), 104 Ohio St. 372. On the other hand, in an action for a tort which involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation, and award punitive damages. *Roberts* v. *Mason* (1859), 10 Ohio St. 278. We do not believe the opinion in *Sweet* v. *Grange Mut. Cas. Co., supra,* represents a departure from these time-honored rules of recovery. In that case, there was evidence that defendant breached its oral contract to pay certain expenses of the plaintiff, and also evidence that the defendant committed separate and distinct malicious or oppressive tortious acts that could have entitled the plaintiff to punitive damages.

Accordingly, the Ohio rule can be

summarized as follows: punitive damages are recoverable for a tort committed in connection with, but independently of, a breach of contract, the allowance of the punitive damages being for the tort, and not for the breach of the contract. However, the breach must be attended by some intentional wrong or gross negligence which amounts to an independent tort, and must be accompanied by the attendant aggravating circumstances of wanton, reckless, malicious, or oppressive conduct that ordinarily gives rise to punitive damages. See *Saberton* v. *Greenwald* (1946), 146 Ohio St. 414 [32 O.O. 454]; *Sweet* v. *Grange Mut. Cas. Co., supra.*

Whether or not plaintiff will be entitled to consequential damages for loss of use of its equipment is governed by the standard rule of recovery in a breach of contract action: a plaintiff in a breach of contract action is entitled to those damages which might have been expected by the parties as a natural result of a breach; those damages which might have been in the contemplation of the parties at the time of the breach, having in mind all the circumstances known to them when they dealt with one another. *Western Union Tel. Co.* v. *Sullivan* (1910), 82 Ohio St. 14; *Champion Ice Mfg. & Cold Storage Co.* v. *Pennsylvania Iron Works Co.* (1903), 68 Ohio St. 229. Under Civ. R. 54(B), the trial judge may revise his order of January 30, 1981 on this point at any time before the entry of final judgment, if the circumstances at trial warrant such a revision.

There being no final appealable order of the trial court, the plaintiff's assignments of error are overruled and the appeal is dismissed.

*Appeal dismissed.*

WHITESIDE and MOYER, JJ., concur.