ALDRETE ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* FOXBORO COMPANY, APPELLEE AND CROSS-APPELLANT.

(No. 54020—Decided June 27, 1988.)

*Sinagra & Chinnock, William F. Chinnock, Anthony C. Sinagra* and *Ronald L. McLaughlin,* for appellants.

*Arter & Hadden, Irene C. Keyse-Walker, Gregory V. Mersol* and *Curtiss L. Isler,* for appellee.

MARKUS, J. The plaintiffs' complaint asserted eleven claims for damages which allegedly arose from the defendant employer's termination of their employment. The first five claims contended that the employer breached express or implied terms of their employment contracts. The remaining six claims contended that the employer tortiously terminated their employment.

The trial court partially granted the defendant employer's motion for summary judgment with an order that dismissed the plaintiffs' tort claims. However, the same order denied the employer's motion to dismiss the plaintiffs' contract claims. It also denied the plaintiffs' motion to declare that the employer discharged them and that they had not voluntarily resigned.

The plaintiffs appeal from the rulings that dismissed their tort claims and denied their request for a declaration that the employer discharged them. The employer cross-appeals to contest the ruling that declined to dismiss the plaintiffs' contract claims. In the order which both parties challenge, the trial court stated, "There is no just reason for delay." Despite the trial court's apparent approval of an appeal now, this court lacks jurisdiction to review any of the challenged rulings at this time.

We can only review "final orders," as defined by R.C. 2505.02. The contested order is not one that "determines the action and prevents a judgment." The plaintiffs' tort claims and contract claims all arise from the same alleged conduct by the defendant employer. They are inextricably intertwined. Cf. *Ollick* v. *Rice* (1984), 16 Ohio App. 3d 448, 451-452, 16 OBR 529, 532-533, 476 N.E. 2d 1062, 1067-1068. Indeed, the plaintiffs seek punitive damages without compensatory damages for their tort claims, apparently relying on their contract claims to establish their right to underlying compensatory damages. Cf. *Heffernan* v. *Central Natl. Bank* (June 11, 1987), Cuyahoga App. No. 52250, unreported (an order which dismisses punitive damage claim

without resolving compensatory damage claim is not appealable despite Civ. R. 54[B] certification).

Thus, the plaintiffs' eleven claims actually assert a single bundle of rights which arose from a single set of alleged circumstances. Cf. *Watkins, Bates, Handwork, Gross, Mills & Guthrie* v. *Upp* (September 21, 1984), Lucas App. No. L-84-100, unreported. They cannot divide those rights for appellate purposes by classifying them as separate tort and contract rights. Cf. *R. & H. Trucking, Inc.* v. *Occidental Fire & Cas. Co.* (1981), 2 Ohio App. 3d 269, 271-272, 2 OBR 298, 300-301, 441 N.E. 2d 816, 818-819.

Otherwise, an injured passenger could separately appeal adverse rulings about tort and contract claims against the common carrier that transported him. Likewise, an injured patient could separately appeal from denials of his claims that a physician damaged him negligently and by breaching a contract to exercise care.

As the Lucas County Court of Appeals said in the *Watkins* case, *supra,* at 4:

"It is generally accepted that a claim asserting only one legal right which grows out of a single transaction or a series of transactions states but a single claim for relief. *Acha* v. *Beame* (2nd Cir. 1978), 570 F. 2d 57, 62. The fact that differing theories of recovery are advanced does not necessarily mean that multiple claims exist in a given case. Such differing theories, by themselves, do not necessarily fall within the ambit of Civ. R. 54(B). See *Mack Trucks, Inc.* v. *Arrow Aluminum Castings Co.* (5th Cir. 1975), 510 F. 2d 1029, 1034, n. 2.

"The term 'claim', as used in the context of Civ. R. 54(B), refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. *CMAX, Inc.* v. *Drewry Photocolor Corp.* (9th Cir. 1961), 295 F. 2d 695, 697. Unless a separate and distinct recovery is possible on each claim asserted, multiple claims do not exist. *Local P-171* v. *Thompson Farms Co.* (7th Cir. 1981), 642 F. 2d 1065, 1070-71.

"Variations in legal theory do not rise to the level of separate claims. *Local P-171, supra.* Therefore, a complaint which asserts a single legal right, even though multiple remedies are sought in response to the alleged violation of that right, states but a single claim for relief. *Liberty Mutual Ins. Co.* v. *Wetzel* (1976), 424 U.S. 737, 743, n. 4."

The trial court's use of the language in Civ. R. 54(B) does not divide a single claim into multiple claims for appellate purposes. Absent the disposition of at least one complete claim, a notation that there is no just reason for delay cannot transform a nonappealable order into an appealable order. *R. & H. Trucking, Inc.* v. *Occidental Fire & Cas. Co., supra; Fireman's Fund Ins. Co.* v. *BPS Co.* (1982), 4 Ohio App. 3d 3, 4, 4 OBR 23, 446 N.E. 2d 181; *Norvell* v. *Cuyahoga Cty. Hosp.* (1983), 11 Ohio App. 3d 70, 71, 11 OBR 120, 121, 463 N.E. 2d 111, 113.

Therefore, we dismiss both the plaintiffs' appeal and the defendant's cross-appeal for lack of a final appealable order.

*Judgment accordingly.*

KRUPANSKY, P.J., and J. V. CORRIGAN, J., concur.