JOURNAL ENTRY AND OPINION
Appellant, Downtown Properties, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which determined that appellee, KeyBank National Association (.KeyBank.), has a first lien on the remaining assets of the defunct law firm of Meyers, Hentemann, Rea, Co., L.P.A. (.MHR.), the debtor of both parties to this appeal.
In May of 1990, KeyBank, through its predecessor in interest, Society National Bank, established a line of credit for MHR in the amount of $250,000. In July of 1992, Midwestern Superior Associates entered into a written lease agreement with MHR for the premises located at 2100 Superior Building, 815 Superior Avenue, Cleveland, Ohio. After the commencement of the lease, Midwestern Superior Associates assigned the lease to Downtown Properties.
Because MHR had failed to pay its rent, Downtown Properties filed a complaint against them on November 4, 1999, seeking a money judgment in the amount of $89,326.03 for breach of lease and action on account. On November 7, 1999, MHR vacated its offices on Superior Avenue and ceased its operation as a law firm. On November 18, 1999, Downtown Properties filed an amended complaint adding a claim for breach of contract and requesting liquidated damages in the amount of $763,113.22.
On November 24, 1999, KeyBank filed a creditor's bill against MHR to collect its previously obtained judgment on a cognovit note in the amount of $250,551.44. Subsequently, Downtown Properties filed a motion for the appointment of a receiver for MHR's assets, and KeyBank filed a motion to consolidate. On December 6, 1999, the trial court conducted an informal hearing on both motions. At the hearing, MHR consented to the appointment of a receiver, and the trial court appointed a receiver for all of MHR's assets, including its accounts receivable and uncollected legal fees. The trial court also granted KeyBank's motion to consolidate.
During the hearing, KeyBank argued that by filing its creditor's bill, it had obtained a lien against MHR's equitable interest in its accounts receivable and contract rights. It requested that any funds collected by the receiver be distributed to KeyBank before they were distributed to other creditors. Downtown Properties argued that the funds collected by the receiver should be shared pro rata between it and KeyBank. The parties agreed to have the trial court make a declaration of rights with respect to their conflicting claims to the remaining assets of MHR.
On May 15, 2000, the trial court declared that "KeyBank has a good and valid first lien upon the accounts receivable and contract rights of defendant [MHR] entitling plaintiff KeyBank to a priority in payment over plaintiff Downtown Properties and defendant's other creditors." On June 15, 2000, the trial court amended its previous order to add the language that "the court finds no just reason for delay pursuant to Civ.R. 54(B)." From the trial court's judgment, Downtown Properties assigns the following error:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEE, KEYBANK NATIONAL ASSOCIATION, HAD A GOOD AND VALID FIRST LIEN, AND PRIORITY TO PAYMENT, ON ALL MEYERS, HENTEMANN REA, CO'S L.P.A., ACCOUNTS RECEIVABLE AND UNBILLED LEGAL FEES, IN PREFERENCE TO APPELLANT, DOWNTOWN PROPERTIES.
We will not address the merits of appellant's assigned error because the appealed judgment entry is not a final appealable order. We conclude that the amended judgment entry filed June 15, 1999 adding Civ.R. 54(B) language did not convert the judgment entry filed May 15, 1999 into a final appealable order.
"An order of a court is final and appealable only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02." Denham v. New Carlisle (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184, citing Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. We do not need to address whether the appealed judgment entry meets the requirements of R.C. 2505.02 because the trial court's determination that KeyBank has a first lien against MHR's assets does not meet the requirements of Civ.R. 54(B).
The parties to this appeal contend that the June 15, 1999 judgment entry is a final appealable order because the trial court included an express determination that there is no just reason for delay, as provided for in Civ.R. 54(B):
 When more than one claim for relief is presented in an action, * * * the court may enter final judgment as to one or more but fewer than all of the claims * * * only upon an express determinationthat there is no just reason for delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * * and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims * * *.
"The term `claim', as used in the context of Civ.R. 54(B), refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. Unless a separate and distinct recovery is possible on each claim asserted, multiple claims do not exist." Aldrete v. Foxboro Co.(1988),49 Ohio App.3d 81, 82, 49 Ohio App.3d 81, 550 N.E.2d 208. The claims for relief presented by the plaintiffs in this case have not been adjudicated; the trial court merely determined which party has priority in receiving payment from MHR at the conclusion of the lawsuit. As the Tenth Appellate District stated in R H Trucking, Inc. v. Occidental Fire Cas. Co. of North Carolina (1981), 2 Ohio App.3d 269,441 N.E.2d 816:
 Where * * * the trial court decides one of the legal issues involved in the case, but does not finally adjudicate the claim for relief, the court's decision does not become a final judgment subject to appeal simply by reason of the inclusion of Civ.R. 54(B), `no just reason for delay' language, in the court's order. See CMAX, Inc. v. Drewry Photocolor Corp. (C.A. 9, 1961), 295 F.2d 695. Id. at 271.
Furthermore, the Ohio Supreme Court has stated that the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." Noble v. Colwell (1989),44 Ohio St.3d 92, 96, 540 N.E.2d 1381. Because the June 15, 1999 judgment entry does not adjudicate any of the parties' claims for relief, it is not a final order and cannot be appealed despite the inclusion of Civ.R. 54(B) language.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND ANN DYKE, J., CONCUR.