DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Robert D. Wirz ("Robert") individually and as Trustee for the Cosette B. Wirz ("Cosette") Revocable Trust and Albert H. Wirz ("Albert") Unified Credit Trust, appeal from the decision of the Summit County Court of Common Pleas which determined that Appellees, Vesper Lake Association and several homeowners,[1] possessed the control and management rights of Vesper Lake. We dismiss for lack of a final, appealable order.
 {¶ 2} Appellees filed an action against Appellants seeking injunctive relief and a determination that the homeowners, through the Vesper Lake Association, had the exclusive rights to control and manage Vesper Lake. Appellants filed an answer and counterclaim. Thereafter, the parties entered into an agreed bifurcation order whereby the court limited the issue for consideration to the applicability of the deed restrictions and control and management rights of Vesper Lake. Additionally, the order states that "the parties agree that said issue shall be bifurcated from the remaining claims of [Appellees] and [Appellants.]" The parties were to submit stipulations of facts and briefs on the merits. The joint stipulations of fact were filed on December 16, 2002. Appellees then filed their trial brief. Appellants moved to strike the portions of Appellees brief that exceeded the scope of the bifurcation order and Appellants withdrew those portions that were not in compliance.
 {¶ 3} Upon taking the issue under advisement, the court entered a decision on March 24, 2003. The court found that Appellees possessed the rights to control and manage Vesper Lake. The trial court, purporting to comply with Civ.R. 54(B), ruled there was "no just reason for delay" and Appellants appealed, raising six assignments of error.
 {¶ 4} Pursuant to R.C. 2505.02, an order is both final and appealable if it resolves all claims against all parties or it "resolves at least one full cause of action in a multiple claim case with an express certification that there is no just reason for delay pursuant to Civ.R. 54(B)." Dellagnese v. First Federal Savings Loan Assn.
(Feb. 20, 1991), 9th Dist. No. 14809, at 2, citing Norvell v. CuyahogaCty. Hosp. (1983), 11 Ohio App.3d 70, 71. The trial court's use of Civ.R. 54(B) language will not divide a claim into multiple claims for appellate purposes. Dellagnese, supra, at 2, citing Aldrete v. FoxboroCo. (1988), 49 Ohio App.3d 81, 82.
 {¶ 5} In the present matter, the trial court's determination of the issue of the "applicability or non-applicability of the Deed Restrictions and Control and Management Rights of Vesper Lake as to the parties and their respective real property" does not in effect determine a claim, but only an issue. Accordingly, the trial court's ruling is only a partial adjudication of one of the several claims presented by the parties. As a final, appealable order exists only when the requirements of both Civ.R. 54(B) and R.C. 2505.02 are met, this court must dismiss the appeal for lack of jurisdiction. See Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus.
Appeal dismissed.
BAIRD, J., WHITMORE, J. CONCUR
[1] The individual homeowners are Kittie Clark, Michael Clegg, Susan Clegg, Nancy Clem, James Dougherty, Lynne Dougherty, Andre Hakin, Ino Hakim, Jack Kuentz, Stephanie Kuentz, John Lowenfeld, Ray Ormerod, Lou Ratener, Urma Ratener, Jeanne Sabet, Sabet Sabet, Holly Serge, Michael Serge, Julie Ann Skaftouros, Edward Wenhart, Patricia Zufall, and William Zufall, II.