{¶ 16} I respectfully dissent.
 {¶ 17} Where a party asserts multiple theories of recovery "arising from a single set of facts[,]" only one claim exists when determining whether there is a final, appealable order." Aldrete v. Foxboro Co.
(1988), 49 Ohio App.3d 81, at syllabus; see, also, Francis Corp. v. SunCo., Inc. (Dec. 23, 1999), Cuyahoga App. No. 74966 (stating that "[t]he term `claim' as used in the context of Civ. R. 54(B) refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. * * * Unless a separate and distinct recovery is possible on each claim asserted, multiple claims do not exist"); Ohio Millworks, Inc. v. Frank Paxton LumberCo. (Jun. 29, 1994), Montgomery App. No. 14255; Tremper v. Hahn (Apr. 15, 1993), Hocking App. No. 92CA2.
 {¶ 18} Here, the Eshams' first count is a request for quiet title asserting that they held an easement by virtue of property transfers since 1912. Their second count is a request that the court find an easement by prescription as the result of use of the road on Penn's property since 1912. The third count is an assertion that Penn committed a *Page 8 
trespass by blocking access to the easement road with a gate after the Eshams purchased the property.
 {¶ 19} The only count not disposed of either in the complaint or the counterclaim is the Eshams' claim for trespass. I do not believe that the third count for trespass arises from the same set of facts as the first two counts and further believe that the trespass claim would result in a separate and distinct recovery. The first two counts arise out of a series of transactions and use of the easement since 1912, and in granting either of the Eshams' first two counts would result in an order that the Eshams have an easement across Penn's property. However, the last count involves Penn's recent action of blocking access to the easement, and granting relief to the Eshams on that claim would result in damages to the Eshams.
 {¶ 20} Thus, in my view, the third count constitutes a separate claim. Consequently, I would find no reason to disturb the trial court's finding that there is "no just reason for delay" pursuant to Civ.R. 54(B) and would address the merits of the appeal.
 {¶ 21} Accordingly, I dissent.
Harsha, J., concurring in judgment only:
 {¶ 22} I concur with the principal opinion's Wisintainer analysis.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs *Page 9 
herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only with Opinion
 Kline, J.: Dissents with Dissenting Opinion *Page 1